UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMARR W. DOWNES, : | |
|        Plaintiff, : | |
| : | |
| v. : | No. 5:25-cv-5104 |
| : | |
| ST. LUKE'S UNIVERSITY HEALTH : | |
| NETWORK, *et al.*, : | |
|        Defendants. : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                                                                                  **November 26, 2025**
**United States District Judge**

       Samarr W. Downes initiated this civil action by filing a *pro se* Complaint naming as Defendants St. Luke's University Health Network ("St. Luke's Health"), Elzbieta Fulinsk, M.D., Alex Michael Slaby, M.D., Rebecca Marsh Pequeno, M.D., and Gregg Edward Hellwig, M.D. *See* ECF No. 2. Downes has also filed motions for leave to proceed *in forma pauperis*, *see* ECF Nos. 1, 7, and for appointment of counsel, *see* ECF No. 8.[1] For the following reasons, the Court will grant Downes leave to proceed *in forma pauperis* and dismiss his Complaint. The request for appointment of counsel will be denied.

---

[1] Downes's initial motion for leave to proceed *in forma pauperis* (ECF No. 1) was deficient and the Court denied it without prejudice. (*See* ECF No. 6.) Downes submitted a new motion, which clarified his employment status. (ECF No. 7 at 5.)

I.   **FACTUAL ALLEGATIONS**[2]

Downes states that his claims stem from an incident that occurred at his home on the evening of February 19, 2024.  *See* Compl. at 3, ECF No. 2.  He alleges that his older sister called the police.  *See id*.  Downes asserts that he "won the argument with my big sister to the police," and stayed in his room and locked the door.  *Id*.  Downes speculates that his sister continued to speak with police, because five to fifteen minutes later, two or more police entered his room without his permission.  *See id*.  Downes asked them what was happening while police moved him around the room and placed him in handcuffs.  *See id*.  Police took him to "someplace," but he does not know what it is or what it is called.  *Id*.  In addition to police and his sister, he alleges that an older cousin was involved.  *See id*.

Downes filed this Complaint on August 29, 2025, alleging a violation of "Civil Rights, Bill of Rights, Constitution, [and his] First Amendment Right."  *Id*. at 2.  He claims that he was injured by the "tight handcuffs" and that he received "no treatment."  *Id*. at 4.  He requests money damages for "years of harassment from the Allentown Police and [their] friends, [and] hospitals for not following the law."  *Id*.  Downes contends that doctors have not followed the law.  *See id*.  He asks for the Court to "show these people I 'am' a human being."  *Id*.

II.  **LEGAL STANDARD**

The Court grants Downes leave to proceed *in forma pauperis* because it appears that he cannot afford to pay the filing fee.  When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires

---

[2]   The factual allegations set forth in this Memorandum are taken from Downes's Complaint ("Compl."), consisting of the Court's form complaint available for use by unrepresented litigants.  *See* ECF No. 2.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

dismissal if the Complaint fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (citing *Mala*, 704 F.3d at 244). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (citing *Mala*, 704 F.3d at 245). Unrepresented litigants also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id*. This includes compliance with Federal Rule of Civil Procedure 8, which requires that the pleading contains a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to

respond to it will not satisfy Rule 8." *Id.* (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

#### A. Rule 8

Even under a generous construction, Downes' Complaint does not comply with the dictates of Rule 8. Downes' few alleged facts in the Statement of Claims concern an incident with his sister and police at his home. *See* Compl. at 3. Not only are they presented in an unclear and disjointed fashion, but Downes does not mention any named Defendant, much less identify any "actions taken" by a named Defendant that led to the incident with his sister and police or to his resulting placement, presumably in a hospital. *Garrett*, 938 F.3d at 93; *see also Foster v. New Jersey*, No. 21-12814, 2021 WL 3193293, at *1 (D.N.J. Jul. 28, 2021) (concluding that a complaint that did not include "logical allegations against the named Defendants" failed to comply with Rule 8). It follows that the Complaint lacks any facts that connect a named Defendant to the injuries Downes alleges here of "tight handcuffs" and "no treatment." Compl. at 4; *Foster*, 2021 WL 3193293, at *1 (dismissing a pro se complaint which contained allegations that were "too general and lack[ed] sufficient detail"). Likewise, Downes's statement in his request for relief that doctors and hospitals have "not follow[ed] the law" is a legal conclusion and devoid of any supporting facts. Compl. at 4. Downes thus has failed to present "cognizable legal claims to which a defendant can respond on the merits," and his Complaint does not meet the basic pleading standard of Rule 8. *Garrett*, 938 F.3d at 94; *see Afzal v. N.J. Bd. of Med. Exam'r*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead

"adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits."). The Complaint also fails to state a claim for the reasons set forth below.

**B. Section 1983**

Downes cites to the First Amendment as the basis for his claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred," such as the First Amendment claim asserted by Downes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Downes fails to state a claim against any of the Defendants, who are medical personnel, because he has not plausibly pleaded that they are state actors under § 1983. *See Rode*, 845 F.3d at 1207; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Whether a defendant is acting under color of state law— *i.e.*, whether the

defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations and citations omitted). The United States Court of Appeals for the Third Circuit recognizes three tests when considering whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

As noted above, Downes has not alleged any facts about the named Defendants in his Complaint. Accordingly, there are no allegations that St. Luke's Health or the Defendant doctors "acted with the help of or in concert with state officials," for example, or met any of the other two tests for state action. *Id.* Absent such facts, nothing in the Complaint suggests a legal basis for concluding that Defendants are state actors for the purposes of § 1983. *Pinnock v. Univ. of Pa. Hosp.*, No. 25-5276, 2025 WL 2901060, at *3 (E.D. Pa. Oct. 9, 2025) (dismissing § 1983 claims against hospital and doctors because plaintiff failed to plausibly plead that they were not state actors); *Bess v. Albert Einstein Hosp.*, No. 21-4059, 2022 WL 685537, at *3 (E.D. Pa. Mar. 8, 2022) (dismissing § 1983 claims against hospital and employees because they were not state actors); *Chrupcala v. Chester Cnty. Hosp.*, No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that defendants Chester County Hospital and its privately employed nurse were not state actors and not liable under § 1983); *Pa. Informed Consent Advocs., Inc. v. Univ. of Pa. Health Sys.*, No. 21-4415, 2022 WL 2316648, at *2-4 (E.D. Pa. June 28, 2022)

(concluding that defendant University of Pennsylvania Health System was not a state actor). Downes thus fails to state a plausible claim on this basis as well.

## IV.    CONCLUSION

The Court will grant Downes' motion for leave to proceed *in forma pauperis* and will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of Downes' *pro se* status, the Court will grant him an opportunity to flesh out his allegations by explaining in an amended complaint the "'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).  Downes' Motion for Appointment of Counsel, *see* ECF No. 10, will be denied without prejudice.[3]  An appropriate Order containing more information about amendment follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.,
United States District Judge

---

[3]    In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  For the reasons explained above, Downes's Complaint fails to meet this threshold requirement.