**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

SAMARR W. DOWNES,                              :
    Plaintiff,                                :
                                         :
    v.                                       :    No. 5:25-cv-5104
                                         :
ST. LUKE'S UNIVERSITY HEALTH                   :
NETWORK, *et al.*,                             :
    Defendants.                              :

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                **February 19, 2026**
**United States District Judge**

Samarr W. Downes filed a *pro se* civil rights Complaint naming as Defendants St. Luke's University Health Network ("St. Luke's Health"), Elzbieta Fulinsk, M.D., Alex Michael Slaby, M.D., Rebecca Marsh Pequeno, M.D., and Gregg Edward Hellwig, M.D. ECF No. 2. In a prior Memorandum and Order, the Court granted Downes's motion to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend. *Downes v. St. Luke's Univ. Health Network*, No. 25-5104, 2025 WL 3299242, at *3 (E.D. Pa. Nov. 26, 2025). Downes filed an Amended Complaint. For the following reasons, the Court dismisses the Amended Complaint with prejudice.

1

## I.    FACTUAL ALLEGATIONS[1]

The factual allegations contained in the Amended Complaint essentially echo those made in his original Complaint. Downes was at home on February 19, 2024. *See* Am. Compl. 3, ECF No. 11. Police were called to the residence, and Downes got into an argument with his sister. *See id*. Downes remained in his room for several minutes, but two or more police officers entered the room without his permission, handcuffed him, and took him to an unknown place. *See id*. Downes recalls being in an emergency room at some point, because he asserts that a doctor there made a phone call without his permission. *See id.*

Downes filed the original Complaint in August 2025, alleging a violation of "Civil Rights, Bill of Rights, Constitution, 1st Amendment Right, etc." ECF No. 2. at 2. The Court dismissed Downes's original Complaint because the vague allegations it contained failed to comply with Federal Rule of Civil Procedure 8, and, in any event, none of the Defendants appeared to be state actors for the purposes of 42 U.S.C. § 1983. *See Downes*, 2025 WL 3299242, at *2-3.

Downes's Amended Complaint alleges the same injuries as before—"[t]ight handcuffs" and "no treatment," *id*. at 4—and that his claims are based in "Civil Rights, Bill of Rights, Constitution, Life, Liberty and the pursuit of happiness," *id*. at 2. Downes asks the court to help him "show these people I 'am' a [h]uman being" and a citizen with constitutional rights. *Id.* at 4. He contends that doctors and hospitals have not followed the law and treated him unequally

---

[1]    The factual allegations set forth in this Memorandum are taken from Downes's Amended Complaint ("Am. Compl.), which consists of a completed form provided by the Court for use by unrepresented litigants.  Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

when they have spoken or interacted with him. *Id*. He requests money damages "for years of harassment from Allentown Police and [their] friends, [and] [h]ospitals for not following the law." *Id*.

## II.     STANDARD OF REVIEW

Because the Court granted Downes *in forma pauperis* status, the Court must screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the amended complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). Litigants must abide by Rule 8, which requires that the pleading contains a "short and plain statement showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought.

Fed. R. Civ. P. 8(a). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (citations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

## III.   DISCUSSION

The Court granted Downes leave to file an Amended Complaint so he would have another opportunity to provide additional facts and plead a plausible claim for relief. *See* ECF No. 10. Downes's Amended Complaint accomplishes neither of those things and substantially repeats the information Downes provided in the original Complaint. Downes again relates that police came to his home, that he fought with his sister, and that police placed him in handcuffs and took him to a place he did not recognize. *See* Am. Compl. 3. Downes apparently visited a hospital that evening because he asserts that a doctor in the emergency room made a telephone call without his permission. *Id*.

Downes's Amended Complaint does not meet Rule 8's requirements. As with his prior complaint, Downes only relates scant facts about an event that happened at his home and does not allege how St. Luke's Health or any individually named health care provider Defendant acted to cause his injuries (which he repleads here) of "tight handcuffs" and "no treatment." Am. Compl. 4; *see also Downes*, 2025 WL 3299242, at *2 (citing *Garrett*, 938 F.3d at 93). The only time he mentions a doctor or hospital in his factual statement is a claim that a doctor in the

emergency room "made [a] phone call without my permission." Am. Compl. 3. The statement lacks any accompanying facts or context, and there is no indication how Downes's rights under the Constitution or federal law were infringed.  It is also unclear how a doctor's phone call relates to his claimed injuries. *See id*. at 4. Further, Downes's vague statements that doctors or hospitals have not followed the law, *see id*., run afoul of Rule 8, as that rule requires that a claim is "based on facts, not legal conclusions." *Ryan v. Robinson*, No. 22-1175, 2024 WL 5135622, at *1 (D.N.J. Dec. 17, 2024) (citing *Iqbal*, 556 U.S. at 678). Downes's Amended Complaint thus fails to allege any "cognizable legal claims to which a defendant [could] respond[.]" *Garrett*, 938 F.3d at 94; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of a complaint pursuant to Rule 8 because the plaintiff failed to plead adequate factual content to support a reasonable inference that the defendants were liable and failed to present cognizable legal claims to which the defendants could respond on the merits).

Moreover, Downes again invokes the Constitution and the First Amendment in his Amended Complaint, but he fails to heed the Court's prior instruction to plead state action for his claims pursuant to 42 U.S.C. § 1983 ("Section 1983").[2] *Downes*, 2025 WL 3299242, at *2-3. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[2]    In addition to indicating "Federal Question" on the form as the jurisdictional basis for his lawsuit, Downes circled "Diversity of Citizenship" while also asserting that he and the "MD's" are Pennsylvania citizens. Am. Compl. 2. Diversity jurisdiction under 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity of the parties is required, which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnote omitted)). Since Downes alleges that he and the doctor defendants are all citizens of Pennsylvania, the Court lacks diversity jurisdiction.

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Nothing in the Amended Complaint indicates that any of the doctors or St. Luke's Health are state actors under Section 1983. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.") (citation omitted). As noted above, most of the pleaded facts concern an incident at Downes's home, which did not appear to involve the Defendants. Am. Compl. 3. To the extent that he makes one mention of a doctor in an emergency room, Downes does not allege that the doctor or any of the Defendants are government officials or that there is such a close nexus "between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations and citations omitted); *see, e.g., Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) ("we hold that St. Luke's is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state."); *Giles v. Pennsylvania*, No. 24-6713, 2025 WL 639340, at *3 (E.D. Pa. Feb. 27, 2025) (concluding that St. Luke's was not a state actor); *Pinnock v. Univ. of Pa. Hosp.*, No. 25-5276, 2025 WL 2901060, at *3 (E.D. Pa. Oct. 9, 2025) (dismissing claims brought under Section 1983 against a hospital and doctors because the plaintiff failed to plausibly plead that they were state actors); *Bess v. Albert Einstein Hosp.*, No. 21-4059, 2022 WL 685537, at *3 (E.D. Pa. Mar. 8,

2022) (dismissing claims brought under Section 1983 against a hospital and its employees because they were not state actors); *Chrupcala v. Chester Cnty. Hosp.*, No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that defendants Chester County Hospital and its privately employed nurse were not state actors and not liable under Section 1983); *Pa. Informed Consent Advocs., Inc. v. Univ. of Pa. Health Sys.*, No. 21-4415, 2022 WL 2316648, at *2-4 (E.D. Pa. June 28, 2022) (concluding that the defendant, the University of Pennsylvania Health System, was not a state actor). Accordingly, to the extent that Downes asserts constitutional claims, he has not brought them against a plausible defendant under Section 1983.

## IV.   CONCLUSION

The Court dismisses the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since Downes was already given an opportunity to amend the defects in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (holding that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows, dismissing this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge